UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES EDGAR FEILER, JR.**,<br><br>Plaintiff,<br>vs.<br><br>**MICHAEL JOHNSON, et al.**,<br><br>Defendants. | 2:23-CV-11225-TGB-KGA<br><br>HON. TERRENCE G. BERG<br><br>**ORDER SUMMARILY DISMISSING COMPLAINT**<br><br>**(ECF NO. 1)** |

Plaintiff Charles Edgar Feiler, Jr., an inmate currently confined at the St. Louis Correctional Facility in St. Louis, MI, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff challenges the validity of his state criminal convictions, raising claims under the Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution. For the reasons explained below, Plaintiff's complaint is **SUMMARILY DISMISSED**.

## I. BACKGROUND

From a review of the Michigan Department of Corrections Offender Tracking Information System ("OTIS"), the Court has determined that Plaintiff was sentenced by the Wayne County Circuit Court on February 16, 2023 after being convicted by a jury of two counts of assault with a dangerous weapon, second-degree child abuse, felon in possession of a

1

firearm, and four counts of felony firearm. Plaintiff is currently serving concurrent sentences of 5 to 15 years imprisonment on the assault convictions, a concurrent term of 15 to 30 years imprisonment on the child abuse conviction, a concurrent term of 6 to 30 years imprisonment on the felon in possession conviction, and concurrent terms of 5 years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences. His earliest release date is April 12, 2041. *See Charles Feiler*, Mich. Dep't Corr. OTIS, mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=214120 (last visited July 12, 2023).

As the Court understands it, Plaintiff's complaint alleges: (1) a Fourth Amendment claim stemming from his unlawful arrest; (2) Sixth Amendment claims based on speedy trial right violations and ineffective assistance of counsel; and (3) a Fourteenth Amendment due process claim. ECF No. 1, PageID.4–5. He names Detroit Police Officer Michael Johnson; Wayne County Prosecutors Ragan Lake and Elizabeth Ann Taylor Dornik; and Wayne County Circuit Court Judge Donald Knapp as Defendants. *Id.* at PageID.2–3. Plaintiff specifically denoted that Defendants Johnson and Lake are sued in their official capacities, but did not indicate whether he is suing the other Defendants in their official and/or individual capacities. He seeks monetary damages and requests

2

that criminal charges be brought against Defendants. *Id.* at PageID.8. The Court has granted Plaintiff leave to proceed without prepayment of the filing fees and costs for this case pursuant to 28 U.S.C. §1915(a)(1). ECF No. 6.

## II. LEGAL STANDARD

Because the Court has granted Plaintiff leave to proceed in forma pauperis, it must screen his pro se complaint. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint on its own accord before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege,

3

or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Although the Court gives pro se litigants significant leeway, the plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). The plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–79.

### III. DISCUSSION

Plaintiff's complaint is subject to summary dismissal for several reasons. First, Plaintiff improperly relies on § 1983 to challenge the validity of his state criminal proceedings. A § 1983 claim, however, "is a proper remedy for a state prisoner who is making a constitutional

challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner's § 1983 claim must be dismissed if a ruling in their favor would "necessarily imply the invalidity of his conviction or sentence").

Put simply, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Here, Plaintiff seeks to challenge the validity of his conviction by raising constitutional claims under § 1983. If Plaintiff were to prevail on his claims, his continued confinement would be called into question. Consequently, his civil rights complaint is barred by *Heck*, and it must be dismissed.

Second, Defendants Lake, Dornik, and Knapp are entitled to Eleventh Amendment immunity for suits against them in their official capacities. The Eleventh Amendment bars § 1983 claims against a State and its agencies unless the State has waived its immunity, consented to be sued, or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This Eleventh Amendment immunity also applies to state employees who are sued in their official capacities

5

because "[s]uits against state officials in their official capacity [are] treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)).

Therefore, the Eleventh Amendment bars Plaintiff's official capacity claims against Defendants Lake, Dornik, and Knapp as employees of the state prosecutor's office and the state judiciary, respectively. Plaintiff's official capacity claims against them must be dismissed. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–63 (6th Cir. 2010) (holding that officers of state courts are entitled to Eleventh Amendment immunity from official capacities suits); *Cady*, 574 F.3d at 342 (holding that state prosecutors are entitled to Eleventh Amendment immunity from official capacity suits).

Third, Plaintiff cannot sue Defendants Lake and Dornik in their individual capacities because they are entitled to absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). Prosecutors have absolutely immunity for actions taken to initiate a prosecution (including participating in probable cause hearings to obtain warrants) and to present the state's case. *Imbler*, 424 U.S at 431; *Burns v. Reed*, 500 U.S. 478, 491–92 (1991). This absolute immunity even insulates prosecutors from liability for wrongful or malicious actions taken while prosecuting a

6

case. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that state prosecutors were absolutely immune from suit for allegedly conspiring to present false charges to a grand jury). Plaintiff's claims against Defendants Lake and Dornik are based on their conduct in prosecuting the state criminal charges against him. Accordingly, setting aside that Plaintiff's allegations of prosecutorial misconduct are barebones and conclusory, all claims brought against Lake and Dornik in their individual capacities must be dismissed because of absolute prosecutorial immunity.

Similarly, Defendant Knapp is entitled to absolute judicial immunity and cannot be sued in his individual capacity. *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (per curiam) (explaining that judges performing judicial functions are absolutely immune from suits for monetary damages even if acting erroneously, corruptly, or in excess of authority). Plaintiff's claims against Judge Knapp concern the performance of his judicial duties, and do not plausibly allege any actual misconduct. Judge Knapp is immune from individual capacity suits, such that Plaintiff's claims against him must be dismissed.

Fourth, Plaintiff cannot seek relief in the form of demanding that criminal charges be brought against Defendants. Plaintiff does not have standing to file a criminal complaint because a private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of

7

another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (collecting cases). Moreover, this Court lacks the authority to compel state or federal officials to bring criminal charges. *See Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, at *2 (6th Cir. Sept. 23, 2021) (affirming district court's dismissal of a state prisoner's complaint requesting that the court compel a criminal investigation or prosecution of private citizens).

Plaintiff's complaint fails to state any claims for which relief can be granted. Thus, his complaint must be summarily dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED with prejudice**. However, this dismissal is without prejudice to any habeas action that Plaintiff may bring challenging his state criminal convictions and sentences, as well as any subsequent civil rights action should any of his convictions or sentences be overturned. Any such claims must be raised in a new complaint. No additional pleadings may be filed in the present case.

Lastly, the Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

Dated: July 27, 2023   s/Terrence G. Berg
                      TERRENCE G. BERG
                      UNITED STATES DISTRICT JUDGE